UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-291-M-KS

| | |
|---|---|
| GREGORY BILLINGS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLIAM OVERTON, WAYNE ) <br> JOHNSON, KIMBERLY JOHNSON, ) <br> CHRISTOPHER JOHNSON, and ) <br> JUWAN JOHNSON, ) <br> ) <br> Defendants. ) | **ORDER and** <br> **MEMORANDUM &** <br> **RECOMMENDATION** |

This case is before the court on the following motions:

    1.    Motion for Entry of Default filed by Plaintiff [DE #17];

    2.    Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant William Overton ("Overton") [DE #21]; and

    3.    Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants Wayne Johnson, Kimberly Johnson, Christopher Johnson, and Juwan Johnson ("the Johnsons") [DE #18].

Where the motions to dismiss have been referred to the undersigned and the parties have not consented to the jurisdiction of the magistrate judge, the motions are undertaken pursuant to 28 U.S.C. § 636(b)(1)(B) for memorandum and recommendation. For the reasons stated below, the motion for entry of default is denied and it is recommended that the motions to dismiss be granted.

## BACKGROUND[1]

This lawsuit stems from an incident in July 2022 in the Carolina Seasons housing development in Cameron, North Carolina.[2] (Compl. [DE #1] at 1–2.) Plaintiff alleges that on or about July 11, 2022, the Johnsons abandoned their female canine near the entrance of Carolina Seasons and failed to provide the canine with adequate food and medical care. (*Id.* at 2.) Plaintiff found the canine wandering along the road and took her to an emergency veterinary hospital where she was examined. (*Id.*) The next day, Plaintiff took the canine to another veterinary clinic where the veterinarian determined the canine had been used for breeding and diagnosed her with heartworm disease and a mammary tumor. (*Id.*) Over the following months, Plaintiff administered medicine to the canine for heartworm treatment and she underwent surgery for the mammary tumor and a newly discovered hernia. (*Id.* at 3.) Plaintiff alleges he continued taking the canine to the veterinarian through October of 2023. (*Id.*)

Plaintiff first asserts a negligence claim against Overton, the president of the Carolina Seasons Property Owners Association ("the Association"). (Compl. at 3–4.) Plaintiff claims Overton was negligent in failing to enforce the by-laws of the

---

[1] These facts are taken from Plaintiff's complaint and assumed true for purposes of the instant motions.

[2] At the time of the incident, Plaintiff owned property in the Carolina Seasons development and was a member of the Carolina Seasons Property Owners Association. (Compl. at 2.) Plaintiff now resides in Arizona. (*Id.* at 1.)

Association which, among other things, prohibit conduct of a business.[3] (*Id.* at 4.) Plaintiff does not allege what business he refers to or who operates the business. Plaintiff seeks $67,900 in damages from Overton. (*Id.*) Plaintiff also asserts a negligence claim against the Johnsons, who, Plaintiff alleges, are members of the Association. (*Id.* at 1, 4.) Plaintiff argues the Johnsons "failed to conform to the standard of care by not providing food and medical care" for the canine.[4] (*Id.* at 4.) Plaintiff seeks $271,600 in damages from the Johnsons and an order enjoining them from acquiring new animals or limiting the number of animals they can acquire. (*Id.*)

## DISCUSSION

Plaintiff filed his complaint on May 24, 2024. On August 27, 2024, Plaintiff filed a motion for entry of default [DE #17] against Overton. On August 29, 2024, the

---

[3] In his brief opposing Overton's motion to dismiss, Plaintiff suggests Overton also allowed individuals to carry firearms within close proximity of residences, an additional violation of the by-laws. (Pl.'s Resp. Opp'n Overton's Mot. Dismiss [DE #29] at 3.) No such claim was stated in Plaintiff's complaint, and Plaintiff has not amended his complaint to contain such a claim. Plaintiff may not amend his complaint through arguments in his brief in opposition to the motion to dismiss. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."); *Miles v. Owen*, No. 4:12-CV-998-MGL, 2013 WL 227766, at *2 (D.S.C. Jan. 22, 2013) ("To the extent that Petitioner's response in opposition to the motion to dismiss presents issues and claims not contained in his Petition, these claims are not properly before the court."). Thus, the undersigned declines to address this issue.

[4] In his brief opposing the Johnsons' motion to dismiss, Plaintiff asserts the Johnsons' conduct was negligence per se. (Pl.'s Resp. Opp'n Johnsons' Mot. Dismiss [DE #28] at 3.) Plaintiff did not assert a negligence per se claim in his complaint, nor has Plaintiff amended his complaint to contain such a claim. For the reasons stated above, *see supra* note 3, no negligence per se claim is before the court, and the undersigned therefore declines to address the issue.

3

Johnsons filed a motion to dismiss for failure to state a claim [DE #18]. On August 30, 2024, Overton filed a motion to dismiss for failure to state a claim [DE #21].

## I. Motion for Entry of Default

When a party "fail[s] to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Courts may exercise their discretion in considering whether to grant a motion for entry of default against a party." *Dalenko v. News & Observer Publ'g Co.*, No. 5:10-CV-184-H, 2010 WL 5174511, at *2 (E.D.N.C. Oct. 26, 2010), *aff'd*, 2010 WL 5174518 (E.D.N.C. Dec. 14, 2010). "Where, as here, a motion for entry of default is opposed by a party who has entered an appearance, a court may consider the same criteria applied when ruling to set aside a default pursuant to Rule 55(c)." *Graham v. U.S. Anti-Doping Agency*, No. 5:10-CV-194-F, 2010 WL 3027864, at *2 (E.D.N.C. Aug. 2, 2010) (citing *Schmir v. Prudential Ins. Co. of Am.*, 220 F.R.D. 4, 5 n.1 (D. Me. 2004)). Those criteria are "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). "The Fourth Circuit has also 'repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.'" *Pinpoint IT Servs., LLC v. Atlas IT Export Corp.,* 812 F. Supp. 2d 710, 724 (E.D. Va. 2011) (quoting *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010)).

After Plaintiff's motion for entry of default was filed, Overton filed his motion to dismiss within three days, thereby acting with reasonable promptness. *See Pinpoint IT Servs.*, 812 F. Supp. 2d at 726 (finding reasonable promptness where party responded nine days after default had been entered). There is no other history of dilatory action by Overton. In the motion to dismiss, Overton asserts facially meritorious defenses, as he argues Plaintiff has not established sufficient facts for the elements of a negligence claim. (Overton's Mem. Supp. Mot. Dismiss [DE #22] at 5–7); *Pinpoint IT Servs.*, 812 F. Supp. 2d at 724 ("In order for a defense to be meritorious, the proffer of evidence must only be one 'which would permit a finding for the defaulting party . . . .'" (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988))). Plaintiff has also failed to show that he suffered any prejudice as a result of Overton's delay. Nor has Plaintiff shown any bad faith on the part of Overton. In fact, Overton alleges the delay in filing was based on an agreement between Plaintiff and Overton, in which Plaintiff permitted Overton to take the time he needed to respond. (Overton's Resp. Opp'n Mot. Default [DE #27] at 2.) Considering these factors and the Fourth Circuit's preference for judgment on the merits, the court denies Plaintiff's motion for entry of default.

## II. Rule 12(b)(6) – Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint or any claims contained therein that fail to state a claim upon which relief may be granted. The intent of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The

5

court assumes the truth of all facts alleged in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[s] all reasonable inferences in favor of the plaintiff," *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To survive a 12(b)(6) motion, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not contain detailed factual allegations, but it must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Id.* A "formulaic recitation of the elements of a cause of action will not do." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which are sufficient to raise a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Facial plausibility is more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. It requires the plaintiff to articulate facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)).

## A. Negligence Standard

As this matter is before the court on diversity jurisdiction, the court applies the choice-of-law rules of the forum state, North Carolina. *Wells v. Liddy*, 186 F.3d 505, 521 (4th Cir. 1999) ("A federal court sitting in diversity must apply the choice-of-law rules from the forum state."). "In tort actions, North Carolina courts adhere to the rule of lex loci and apply the substantive laws of the state in which the injuries were sustained." *Eagle Nation, Inc. v. Market Force, Inc.*, 180 F. Supp. 2d 752, 755 (E.D.N.C. 2001) (quoting *Johnson v. Holiday Inn of Am., Inc.*, 895 F. Supp. 97, 98 (M.D.N.C. 1995)). Plaintiff claims to have been injured in North Carolina (Compl. at 1–4), and thus North Carolina law applies. Under North Carolina law, a plaintiff suing for negligence must show "(1) that the defendant owed a duty of care toward the plaintiff, (2) that the defendant breached that duty, (3) that the defendant's breach proximately caused harm to the plaintiff, and (4) that the plaintiff has thereby suffered damages." *Draughon v. Evening Star Holiness Church of Dunn,* 374 N.C. 479, 482, 843 S.E.2d 72, 76 (2020).

### 1. Overton's Motion to Dismiss

Plaintiff alleges Overton breached his duty as president of the Association by failing to enforce the Association's by-laws which prohibit the conduct of business by Association members. (Compl. at 3–4.) Construed liberally, Plaintiff appears to allege the Johnsons violated the Association by-laws by operating a business, though no description of their alleged business is given. (Compl. at 1–4.) Plaintiff asserts that Overton, as Association President, has the duty of a fiduciary and that the duty

7

extends to each member of the Association. (Pl.'s Resp. Opp'n Overton's Mot. Dismiss [DE #29] at 2–3.)

In his motion to dismiss, Overton argues that (i) the president of a homeowner's association owes no duty to individual members, and (ii) Plaintiff fails to establish a causal connection between Overton's actions and Plaintiff's harm. (Overton's Mem. Supp. Mot. Dismiss at 5–7.)

"In general, there is neither a duty to control the actions of a third party, nor to protect another from a third party." *Scadden v. Holt*, 222 N.C. App. 799, 802, 733 S.E.2d 90, 92 (N.C. Ct. App. 2012). An exception exists when there is a special relationship between the defendant and the third party. *Id.* A special relationship exists when the defendant has the ability to control the third party and the defendant has knowledge of the third party's propensity for violence. *Harris v. Daimler Chrysler Corp.*, 180 N.C. App. 551, 556, 638 S.E.2d 260, 265 (N.C. Ct. App. 2006). The ability to control the third party "must rise to the level of custody, or legal right to control." *Scadden*, 222 N.C. App. at 803, 733 S.E.2d at 93.

Plaintiff's negligence claim fails because Overton had no duty to control the Johnsons, third parties, nor to protect Plaintiff from harm by the Johnsons. *See Scadden*, 222 N.C. App. at 802, 733 S.E. 2d at 92. Plaintiff also fails to allege a special relationship between Overton and the Johnsons that would give rise to a duty to control the Johnsons' alleged operation of a business. It cannot plausibly be inferred from the facts alleged in Plaintiff's complaint that Overton had any legal right to control the actions of the Johnsons. Moreover, Plaintiff fails to allege Overton had

8

any knowledge of potential harm to Plaintiff by the Johnsons. In fact, Plaintiff does not allege any facts in his complaint suggesting that Overton had knowledge of any purported business run by the Johnsons. Thus, Plaintiff fails to allege the special relationship required to impose a duty on Overton to protect Plaintiff from the acts of the Johnsons.

Plaintiff's attempt to allege a duty based on Overton's fiduciary duty as Association President is not persuasive. Plaintiff relies on N.C. Gen. Stat. §§ 47F-3-103(a) and 55A-8-42. (Pl.'s Resp. Opp'n Overton's Mot. Dismiss at 2 n.2.) However, neither North Carolina statute establishes that an officer of a homeowner's association has a duty to individual members. *See Kumar v. Patel*, No. 23-CV-19127-910, 2024 WL 849419, at \*10 (N.C. Super. Ct. Feb. 28, 2024) (finding that § 55-8-42 establishes a duty to the nonprofit corporation, not to members of the corporation); *Pittenger v. Gleneagles Homes Ass'n*, No. 18-CV-11280, 2020 WL 7059356, at \*9 (N.C. Super. Ct. Dec. 1, 2020) ("Any fiduciary duty directors and officers of a homeowner's association owe is to the homeowner's association . . . ."); N.C. Gen. Stat. § 55A-8-42(a) (requiring association officers to discharge their duties in good faith, "[w]ith the care an ordinarily prudent person in a like position would exercise under similar circumstances," and in a manner reasonably believed to be in the best interests of the association).

Plaintiff also fails to adequately allege that Overton's actions caused him harm. "[T]o establish proximate cause, 'a plaintiff is required to prove that in the exercise of reasonable care, the defendant might have foreseen that some injury

9

would result from his act or omission." *Est. of Long by & through Long v. Fowler,* 906 S.E.2d 41, 46 (N.C. Ct. App. 2024) (quoting *Williamson v. Liptzin*, 141 N.C. App. 1, 10, 539 S.E.2d 313, 319 (N.C. Ct. App. 2000)). Here, it is not reasonably foreseeable that Overton's failure to prevent operation of an unspecified business would have resulted in Plaintiff's alleged injuries. This is "an improbable chain of events" that does not establish proximate cause, *see Long*, 906 S.E.2d at 47, and is not sufficient to raise a claim that is plausible on its face, *see Iqbal*, 556 U.S. at 679. Moreover, Plaintiff's decision to pick up the canine and take her to the veterinarian is an intervening cause that breaks any connection between Overton's actions and Plaintiff's harm. *See Hampton v. Hearn*, 269 N.C. App. 397, 402, 838 S.E.2d 650, 656 (N.C. Ct. App. 2020) (an intervening cause is any "independent force, entirely superseding the original action and rendering its effect in the causation remote" (quoting *Harton v. Forest City Tel. Co.*, 141 N.C. 455, 54 S.E. 299, 301–02 (1906))). Thus, Plaintiff fails to adequately allege facts to support a negligence claim against Overton.

### 2. The Johnsons' Motion to Dismiss

Plaintiff alleges the Johnsons had a duty to "provide adequate care for an animal they owned" and breached that duty by "not providing food and medical care" to the animal. (Compl. at 4.) The Johnsons respond that Plaintiff only alleges a duty to the canine and not to Plaintiff, and, further, that Plaintiff fails to show causation. (Johnsons' Mem. Supp. Mot. Dismiss [DE #19] at 4–6.)

The Johnsons correctly articulate the shortcomings in Plaintiff's complaint regarding the duty and causation elements of Plaintiff's negligence claim. Turning first to duty, Plaintiff only alleges the Johnsons had a duty to the "animal they owned." (Compl. at 4.) Plaintiff's failure to plead facts alleging he was owed a legal duty is fatal to his negligence claim. *See Bridges v. Parrish*, 222 N.C. App. 320, 324, 731 S.E.2d 262, 265 (N.C. Ct. App. 2012) ("A claim of negligence necessarily fails if there is no legal duty owed to the plaintiff by the defendant."). Moreover, Plaintiff fails to adequately plead causation. As explained above, it is not reasonably foreseeable that Plaintiff would find the Johnsons' canine, take it to the veterinarian, and incur medical expenses. *See Long*, 906 S.E.2d at 46. Plaintiff's choice to do so is an intervening cause. *See Hampton*, 269 N.C. App. at 402, 838 S.E.2d at 656. Thus, Plaintiff's negligence claim against the Johnsons should be dismissed pursuant to Rule 12(b)(6) because Plaintiff has failed to plead facts from which it could plausibly be inferred that (i) the Johnsons owed Plaintiff a duty, and (ii) even if there was such a duty, that the Johnsons caused Plaintiff's harm.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for entry of default [DE #17] is DENIED and it is RECOMMENDED that Overton's motion to dismiss [DE #21] be GRANTED and the Johnsons' motion to dismiss [DE #18] be GRANTED.

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **February 13, 2025,** to file written objections to the

Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b) (E.D.N.C. May 2023).

A party that does not file written objections to the Memorandum and Recommendation by the foregoing deadline will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, a party's failure to file written objections by the foregoing deadline may bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 27th day of January 2025.

_____
KIMBERLY A. SWANK
United States Magistrate Judge